# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

COSTCO WHOLESALE CORPORATION,

Plaintiff,

v.

SOUTHLAND ENVELOPE, LLC; MARKETING.COM, LLC,

Defendants.

Case No.:  3:25-cv-01720-RBM-BJW

**ORDER:**

**(1) GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [Doc. 21]; and**

**(2) GRANTING IN PART MOTION TO SEAL [Doc. 19]**

Pending before the Court are Plaintiff Costco Wholesale Corporation's ("Plaintiff" or "Costco") Motion for Leave to File First Amended Complaint ("Motion to Amend") (Doc. 21) and Motion to File Under Seal Motion to Amend Complaint and Supporting Declaration ("Motion to Seal") (Doc. 19).  Defendants Southland Envelope, LLC ("Southland") and Marketing.com, LLC ("Marketing.com") (collectively, "Defendants") filed an Opposition to Plaintiff's Motion for Order Granting Leave to File First Amended Complaint ("Opposition") (Doc. 23) and a Response Regarding Plaintiff's Motion to File Under Seal (Doc. 30).  Plaintiff filed a Reply in Support of Motion for Leave to File First Amended Complaint ("Reply").  (Doc. 26.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Having reviewed the filings above, and for the reasons discussed below, the Motion to Amend is **GRANTED** and the Motion to Seal is **GRANTED in part**.

1

# I.    BACKGROUND[1]

**A.    Procedural History**

Plaintiff filed the Complaint on July 7, 2025.  (Doc. 1.)  After the Court granted a joint stipulation to extend Defendants' deadline to respond (Doc. 5), Defendants filed their Answer to the Complaint on September 15, 2025.  (Doc. 7.)  Magistrate Judge Major set an Early Neutral Evaluation ("ENE") for October 22, 2025.  (Doc. 8.)  The case was then transferred to Magistrate Judge White, who continued the ENE to November 5, 2025.  (Docs. 9, 10.)  Judge White held the ENE on November 5 and set a further ENE for January 12, 2026 to allow the Parties to "conduct preliminary written discovery related to alter ego liability" in the hopes of "facilitat[ing] future settlement discussions."  (Doc. 12.)  Judge White held the second ENE on January 12, 2026.  (Doc. 14.)  That same day, Judge White issued the Scheduling Order.  (Doc. 15.)  In relevant part, the Scheduling Order required "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings" to be filed by February 26, 2026.  (*Id.* ¶ 1.)  During the ENE, "Plaintiff informed Defendants of its intention to seek leave of court to file a First Amended Complaint."  (Doc. 23 at 3 (citing Doc. 23 at 9 [Decl. of Christopher Cianci ("Cianci Decl.")] ¶ 4).)  On February 2, 2026, the Parties met and conferred but were unable to reach an agreement regarding a stipulation to allow Plaintiff to file a First Amended Complaint ("FAC").  (*Id.* at 4.)  On February 19, 2026, Plaintiff filed the instant Motion to Amend and Motion to Seal.  (Docs. 19, 21.)

**B.    Original Complaint**

The Complaint alleges that Defendant Southland breached a 2022 lease agreement

---

[1]  The factual summary in this section reflects Plaintiff's allegations, not conclusions of fact or law by this Court.  *See Harper Constr. Co., Inc. v. Nat'l Union Fire Ins. Co.*, Case No. 18-cv-00471-BAS-NLS, 2020 WL 1820124, at *9 (S.D. Cal. Apr. 10, 2020) ("[S]ince a challenged motion for leave to amend operates like a motion to dismiss, the Court accepts all factual allegations in the proposed amended complaint as true and construes them in the light most favorable to Plaintiffs for the purposes of their Motion.") (citation omitted).

3:25-cv-01720-RBM-BJW

and a 2024 amendment to the lease agreement.  (Doc. 1 ¶¶ 1–3, 17–40.)  The Complaint also named Marketing.com as a Defendant under an alter ego theory of liability because: (1) Marketing.com acquired Southland in 2022 or 2023; (2) Costco's communications about the alleged breach of contract have been with employees of both Marketing.com and Southland with email addresses ending in "Marketing.com;" and (3) "Marketing.com is Southland's sole owner, they have shared leadership, and Marketing.com has not adequately capitalized Southland."  (*Id.* ¶¶ 41–48.)

**C.     Proposed First Amended Complaint**

The proposed FAC (Doc. 21 at 14–28) seeks to add JAL Equity Corporation ("JAL") as a Defendant under an alter ego theory of liability.  (*Id.* at 4.)  Costco represents that during the preliminary discovery authorized by Judge White before the second ENE, Costco learned that: (1) JAL is Marketing.com's sole member and manager, and "[w]hen Marketing.com acquired Southland, JAL was the Parent Guarantor for all existing and future payments with respect to amounts held back by Marketing.com" (Doc. 21 at 24 ¶ 50); (2) the same person, Eran Salu, is the president and sole member of the board of directors for Southland, Marketing.com, and JAL (*id.*); and (3) "Marketing.com and Southland are mere shells or instrumentalities for JAL," as JAL █████████████████████████████████████████████████████████████████████████████████████████████████████

## II.     LEGAL STANDARDS

**A.     Motion to Amend**

Under Federal Rule of Civil Procedure ("Rule") 15(a)(2), a party can amend its pleading only with the opposing party's written consent or the Court's leave.  "[L]eave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and this policy is "to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted).

Nevertheless, "[i]n deciding whether justice requires granting leave to amend,

factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, . . . undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The party opposing amendment bears the burden of showing that amendment is not warranted. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

**B.     Motion to Seal**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

### III.     DISCUSSION

**A.     Motion to Amend (Doc. 21)**

Defendants argue that the Court should deny leave to amend because: (1) Plaintiff

unduly delayed seeking amendment because the factual allegations underlying the proposed amendment were known to Plaintiff long ago; (2) amendment, and the subsequent expansion of discovery, would substantially prejudice Defendants; and (3) amendment is futile because the FAC fails to plead facts sufficient to support alter ego liability for JAL. (Doc. 23 at 2–8.)  The Court disagrees and will grant Plaintiff leave to amend.

### 1.    Plaintiff did not unduly delay in moving to amend the Complaint.

Judge White authorized preliminary discovery "related to alter ego liability" on November 5, 2025.  (Doc. 12.)  "Defendants provided written objections and responses to Costco's First Interrogatories and Requests for Production on December 19, 2025," and produced documents to Costco on December 29, 2025.  (Doc. 26-1 [Decl. of Amanda Beane ("Beane Decl.")] ¶ 2.)   At the ENE on January 12, 2026, Plaintiff informed Defendants of its intent to amend the Complaint.  (Cianci Decl. ¶ 4.)  On January 12, 2026, Judge White also issued the Scheduling Order and set a February 26, 2026 deadline for the Parties to file any motion to join other parties or amend the pleadings.  (Doc. 15 ¶ 1.)  The Parties filed a Joint Motion for Protective Order on January 20, 2026 (Doc. 16), and Defendants produced their discovery documents pursuant to the Protective Order on February 9, 2026.  (Beane Decl. ¶ 4.)  On February 2, 2026, the Parties met and conferred but were unable to stipulate to an FAC.  (Cianci Decl. ¶ 4.)  Not even three weeks after this, and a week before its deadline to do so under the Scheduling Order, Plaintiff filed the instant Motion to Amend.  (Doc. 21.)

The record does not support a finding of undue delay.  Plaintiff represents that it would not have been able to name JAL as a Defendant until receiving the preliminary written discovery, which was, at earliest, December 29, 2025.  (Beane Decl. ¶ 2.)  Two weeks later, the Parties attempted to reach a settlement at the second ENE.  (Doc. 14.)  Two weeks after that, Plaintiff attempted to reach an agreement with Defendants to file an FAC without motion practice.  (Beane Decl. ¶¶ 2–5; Cianci Decl. ¶¶ 4–5.)  It was only shortly after the Parties realized they could not agree that Plaintiff filed the Motion to Amend.  (Doc. 21.)  The Court "does not see anything . . . that establishes that either side

3:25-cv-01720-RBM-BJW

engaged in undue delay, as opposed to a good-faith effort to meet and confer and try to work out a compromise before involving the [C]ourt." *Updateme Inc. v. Axel Springer SE*, Case No. 17-cv-05054-SI (LB), 2018 WL 5734670, at \*4 (N.D. Cal. Oct. 31, 2018). "To the contrary, the [C]ourt appreciates the parties' attempts to resolve the issue amongst themselves before involving the [C]ourt." *Id.*; *see also Dumke v. Southside Realty Invs., LLC*, Case No.: 20-cv-0935-GPC-LL, 2021 WL 230036, at \*2 (S.D. Cal. Jan. 22, 2021) ("Because the motion was filed before the deadline imposed by the scheduling order, the Court finds that there is no showing of undue delay.").

Defendants argue that the FAC relies "primarily on publicly available corporate filings, publicly announced corporate relationships, and alleged internal organizational structures" that Plaintiff could have discovered earlier had they performed their due diligence. (Doc. 23 at 5.) Even crediting this argument,[2] Plaintiff's FAC also relies on information gleaned from Defendants' responses to written discovery requests. (*See* Doc. 20 at 24 ¶ 49 (citing Doc. 20-1 at 10–13).) In sum, the Court does not find that Plaintiff unduly delayed in seeking leave to amend.

**2.      Amendment will not unduly prejudice Defendants.**

Defendants argue that amendment "would significantly alter the scope of this case by adding a new corporate defendant and asserting alter ego liability against it." (Doc. 23 at 5.) Specifically, "allowing amendment would require additional written discovery and document production, necessitate depositions concerning corporate governance and ownership, expand the scope of discovery far beyond the original contract dispute, and may ultimately delay resolution of the case." (*Id.* at 6.) Plaintiff responds that discovery is still in its early stages and will not close for another month, and that "the claims and theories

---

[2] From Defendants' response to Plaintiff's motion to file under seal (Doc. 30), it appears that many of these filings are *not* publicly available. (*See* Doc. 30 at 7–8 (arguing that the exhibits relied upon by Plaintiff should be sealed because they "contain[ ] confidential and proprietary information regarding Defendants' strategic financial agenda, specifically pertaining to non-public commercial agreements with third-party entities").)

3:25-cv-01720-RBM-BJW

of the case are not changing, but simply reaching the ultimate parent—JAL—of Southland and Marketing.com." (Doc. 21 at 9.)

The Court finds that although Defendants may be prejudiced by amendment, such prejudice is not substantial enough to warrant denying leave to amend. First, the FAC does not add any new claims, and notably already features an alter ego claim against Marketing.com. (*See* Doc. 21 at 30–44 (redlined FAC).) Second, although the addition of a new Defendant will require additional discovery, such additional discovery "is nothing more than the inconvenience always present when a party is required to defend against a [lawsuit]." *Davis v. Soc. Serv. Coordinators, Inc.*, No. 1:10-cv-02372-OWW-SKO, 2011 WL 3207818, at *2 (E.D. Cal. July 28, 2011). It certainly does not constitute prejudice substantial enough to overcome the "extreme liberality" with which the Court must apply Rule 15. *Rose*, 893 F.2d at 1079. Third, discovery opened on January 12, 2026, is still open, and this Action is just over nine months old. Defendants argue that they "would be hard-pressed to complete, let alone adequately conduct, discovery into additional issues raised by Plaintiff's amended complaint." (Doc. 23 at 6.) Plaintiff's counsel attests that they have discussed with Defendants' counsel the unlikelihood of experts in this case, "and that with the Court's permission, fact discovery could extend into the expert discovery period without disrupting the remaining case schedule if needed." (Beane Decl. ¶ 6.) The Court is confident that the Parties will be able to continue to meet and confer and, if necessary, move to continue the discovery deadlines as necessary and as warranted by good cause. *See Morgan v. Laborers Pension Trust Fund for N. Cal.*, 81 F.R.D. 669, 675 (N.D. Cal. 1979) (finding "that the proper response is to extend defendants' discovery time rather than to deny plaintiffs' motion to amend the complaint"). The Court thus finds that Defendants will not be unduly prejudiced by amendment.

**3.    The Court declines to reach futility at this stage.**

Defendants argue that the FAC's allegations fail to state a claim that JAL may be liable under an alter ego theory. (Doc. 23 at 6–7.) Plaintiff responds substantively to this argument (Doc. 21 at 10–12), but also argues that Defendants' "futility argument attempts

7

3:25-cv-01720-RBM-BJW

to prematurely litigate the merits of the amendment." (Doc. 26 at 2.) Although "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend," *Bonin*, 59 F.3d at 845, "[d]enial of leave to amend on this ground is rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC*, 212 F.R.D. at 539; *see also SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend."). Therefore, the Court declines to deny Plaintiff leave to amend due to futility, undue delay, or undue prejudice. The Motion to Amend (Doc. 21) is thus **GRANTED**.

## B.    Motion to Seal (Doc. 19)

Defendants seek to seal portions of: Plaintiff's Motion to Amend, exhibits filed in support, and Plaintiff's proposed FAC. (Doc. 19 at 2.) Because the Motion to Amend is a non-dispositive motion, the Parties need only demonstrate "good cause" in order to support their requests to seal it and the exhibits filed in support. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010); *Lyft, Inc. v. AGIS Software Dev., LLC*, Case No. 21-cv-04653, 2022 WL 2135757, at *2 (N.D. Cal. May 2, 2022) ("Because the parties' sealing motions pertain to a motion for leave to file an amended complaint, the Court finds that the 'good cause' standard applies.") (citation omitted). However, the Parties must demonstrate "compelling reasons" to seal portions of the FAC. *See McCrary v. Elations Co, LLC*, No. EDCV 13-00242 JGB (OPx), 2014 WL 1779243, at *6 (C.D. Cal. Jan. 13, 2014) ("While a complaint is not, per se, dispositive, it is the root, the foundation, the basis by which a suit arises and must be disposed of.") (internal quotation marks and citation omitted).

### 1.    Sealing the Motion to Amend

Defendants seek to seal fewer than 20 lines of Plaintiff's Motion to Amend, a single interrogatory and response, and several operating and purchasing agreements, arguing that

these materials include: "(1) proprietary pricing structures and financial terms, (2) confidential contractual provisions and business agreements with third parties, (3) internal business practices, processes, and operational strategies, and (4) non-public information regarding Defendants' commercial relationships." (Doc. 30 at 4.) Having reviewed the sealed information and Defendants' representations, the Court finds that Defendants have provided good cause for sealing the portions of the documents related to Plaintiff's Motion to Amend. The documents that the Court finds appropriate to seal are those already identified by Plaintiff's helpful highlighting:

1. Doc. 21 at page 4, lines 15–16;

2. Doc. 21 at page 6, lines 8–9 and 12–20;

3. Doc. 21 at page 11, lines 22–25;

4. Doc. 21-1 at page 11, line 17;

5. Doc. 21-1 at page 12, lines 8–9;

6. Doc. 21-1, Exhibits B, C, and D.

**2.    Sealing the FAC**

Defendants also seek to seal about five sentences in the 15-page FAC. Defendants argue that these portions of the FAC "contain[ ] confidential and proprietary information" regarding Defendants' "allocation of labor . . . , distribution of assets and liabilities between themselves and third-party entities . . . , [and] internal business strategy." (Doc. 30 at 4–7.) Defendants argue that disclosure of this information would result in significant harm to Defendants, as it "would expose Defendants to serious competitive disadvantages by revealing non-public insights into their financial strategies, cost management processes, and internal operational methodologies." (*Id.* at 8.) Furthermore, Defendants argue, disclosure would allow competitors to "(1) undercut Defendants' pricing and contractual terms; (2) gain leverage in negotiations with shared counterparties; (3) replicate or exploit Defendants' internal business strategies; and (4) interfere with existing or prospective business relationships." (*Id.* at 8–10.)

3:25-cv-01720-RBM-BJW

Defendants' burden is to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (cleaned up). Having considered Defendants' arguments and weighed them against the public interest in understanding the judicial process, the Court finds that, with one exception discussed below, the requested portions of the FAC should be sealed. These portions concern Defendants' internal business structures, strategic staffing decisions, and agreements regarding debts, obligations, liabilities, and assets. *See Velasco v. Chrysler Grp. LLC,* Case No. CV 13-08080 DDp (VBK), 2017 WL 445241, at *2 (C.D. Cal. Jan. 26, 2017) (finding compelling reasons to seal records containing "information about proprietary business operations, a company's business model or agreements with clients, [and] internal policies and strategies"); *Riddick v. Sony Elecs., Inc.*, Case No. 24-cv-00319-BAS-JLB, 2024 WL 3928899, at *2 (S.D. Cal. Aug. 23, 2024) (finding compelling reasons to seal and noting that "[c]ourts throughout the Ninth Circuit have found future business planning and competitive strategy are quintessential business information that may harm a firm's competitive standing if disclosed"). Furthermore, Defendants' request to seal is tailored to only those lines of the FAC that reference the internal business information at issue.

However, there is one line of the FAC that Defendants move to file under seal that cannot be filed under seal: "Mr. Salu signed the Amended Operating Agreement as the President of Marketing.com and the President of Southland." (Doc. 20 at 40:22–41:1.) The Court finds that disclosure of this sentence—indicating only that Mr. Salu is the president of two companies and signed an agreement in that capacity—does not bring with it the same risks to Defendants' competitive standing. Additionally, given that Plaintiff asserts an alter ego theory of liability, this information goes to the heart of this litigation, which significantly strengthens the public's interest in disclosure. *See Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 838–40 (1962) (instructing courts to consider, when determining whether alter ego liability exists, "identification of the

3:25-cv-01720-RBM-BJW

directors and officers of the two entities in the responsible supervision and management" and "the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation").

Accordingly, the documents that the Court finds appropriate to seal are:

1. Doc. 21 at page 15, lines 24–25;

2. Doc. 21 at page 16, line 1;

3. Doc. 21 at page 24, lines 17–23, but *not* the sentence starting with "Mr. Salu;"

4. Doc. 21 at page 25, lines 4–5 and 8–9;

5. Doc. 21 at page 31, lines 24–25;

6. Doc. 21 at page 32, line 1;

7. Doc. 21 at page 40, lines 17–23, but *not* the sentence starting with "Mr. Salu;"

8. Doc. 21 at page 41, lines 4–5 and 10–12.

## IV.    CONCLUSION

Based on the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Seal (Doc. 19).  The Clerk of Court **SHALL FILE** Doc. 20 to the docket **under seal**.

The Court also **GRANTS** Plaintiff's Motion to Amend (Doc. 21).  Plaintiff **SHALL FILE** the FAC, consistent with the approved redactions discussed above, on or before **April 23, 2026**.  Defendants shall answer or otherwise respond to the FAC on or before **May 14, 2026**.

**IT IS SO ORDERED.**

Dated:  April 16, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

11

3:25-cv-01720-RBM-BJW